**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

|  |  |
|---|---|
| United States of America<br><br>**Plaintiff**<br><br>v.<br><br>Maywilliams Jose Salazar-Salazar [5]<br>Andrys Mata-Salazar [6]<br>Marco Antonio Romero-Romero [18]<br>Angel Placido Manta-Salazar [24]<br><br>**Defendants** | **CIVIL NO. 20-382** (RAM) |

**MEMORANDUM AND ORDER**

RAÚL M. ARIAS-MARXUACH, District Judge

    Pending before the Court is co-defendants Maywilliams Jose Salazar-Salazar, Andrys Mata-Salazar, Marco Antonio Romero-Romero, and Angel Placido Manta-Salazar's (together "Defendants") *Motion to Dismiss for Lack of Jurisdiction* asking that the Court reconsider its prior Order at Docket No. 674 denying a motion to dismiss in light of new evidence. (Docket No. 690).[1]

    Defendants argue that the flag nation, in this case the Bolivarian Republic of Venezuela, did not give its consent to the

---

[1] The Court notes that "[t]he Federal Rules of Criminal Procedure do not explicitly provide for motions for reconsideration." United States v. Pena-Fernandez, 394 F. Supp. 3d 205, 207 (D.P.R. 2019). Instead, the First Circuit applies Fed. R. Civ. P. 59(e) to motions for reconsideration in criminal cases. Id. Under Fed. R. Civ. P. 59(e), a district court will only alter its original order if a party "evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." Fontanillas-Lopez v. Morell Bauza Cartagena & Dapena, LLC, 832 F.3d 50, 55 (1st Cir. 2016).

assumption of jurisdiction by the United States as required by the Maritime Drug Law Enforcement Act ("MDLEA" or the "Act"). Id. at 11. Specifically, they contend that the United States incorrectly sought consent from Juan Guaidó, who Defendants maintain did not have access to the relevant vessel registries and thus lacked authority to consent, instead of Nicolás Maduro. (Docket Nos. 690 and 711). To support their claim, Defendants attach two letters regarding the registration of the vessels in controversy, *Los Ojos de mi Negra* and *Frania I*, stating that no request for information regarding their registry have been made since 2018 and 2000, respectively. (Docket Nos. 690-2 at 4; 690-3 at 4). Moreover, Defendants point to the MDLEA certification in this case, and assert that it is "formulaic" and "devoid of particularized substance" in comparison with certifications in other proceedings. Id. at 14.

On its part, the Government argues that the letters provided by Defendants should not be considered because their veracity cannot be proven. (Docket No. 706). It also asserts that the United States cannot dictate what process a sovereign nation must undergo to waive or assert its jurisdiction over the vessels. Id. at 5. Lastly, the Government summarizes the various assumptions Defendants ask the Court to make as follows:

> (1) the Court is asked to assume the veracity of Exhibits B and C as submitted to mean no one checked any sort of Venezuelan vessel

Case 3:20-cr-00382-RAM   Document 729   Filed 09/21/22   Page 3 of 4

Crim. No. 20-382 (5, 6, 18, 24) (RAM)                                    3

>       registry system; (2) internally checking the
>       Venezuelan vessel registry system is required
>       by Venezuela for it to waive or not object to
>       United States jurisdiction; (3) no one in
>       Venezuela checked the vessel registry because
>       the person contacted in Venezuela lacked the
>       capacity to check the vessel registry; (3) the
>       lack of capacity is a lack of authority; (4)
>       the Venezuelan authorities/actual flag state
>       were not contacted; and (5) therefore, the
>       Department of State certification is invalid.

Id. at 7.

The Court has previously noted, and Defendants recognize, "[t]he legitimacy of a flag nation's consent is therefore a question of international law that **can be raised only by the foreign nation**." United States v. Bustos-Useche, 273 F.3d 622, 627 (5th Cir. 2001) (emphasis added) (citations omitted). Although Defendants counter that they do not challenge the legitimacy of the flag nation's consent, rather, whether the United States contacted the actual government of the flag nation in question, they do not point to any authority that allows them to do so.

Defendants present an interesting interpretation of the law. However, neither the arguments, letters, nor case law provided are sufficient to challenge the validity of the MDLEA certification in light of the plain text of the Act. In its relevant part, the MDLEA provides a vessel can be subject to the jurisdiction of the United States even when it is registered in a foreign nation if the "nation has consented or waived objection to the enforcement of the United States law by the United States." 46 U.S.C. §

Case 3:20-cr-00382-RAM   Document 729   Filed 09/21/22   Page 4 of 4

Crim. No. 20-382 (5, 6, 18, 24) (RAM)                                    4

70502(c)(2), § 70502(c)(1)(A) and (C). Such consent or waiver of objection by the foreign nation "may be obtained by radio, telephone, or similar oral and electronic means; **and is proved conclusively by certification of the Secretary of State or the Secretary's designee**." Id. § 70502(c)(2) (emphasis added). *See e.g.*, United States v. Marcano-Godoy, 462 F. Supp. 3d 88, 93 (D.P.R. 2020) ("A Department of State certification is conclusive proof of a nation's claim of registry."); United States v. Cardales-Luna, 632 F.3d 731, 737 (1st Cir. 2011).

Merely stating that the certification is "formulaic," or differs from other similar certifications in other cases, without more, fails to show why the certification is invalid. Given the conclusive nature of the certification and the lack of standing to challenge the same, there are no grounds for the Court to reconsider its previous holding denying dismissal of the indictment for alleged failures to comply with the MDLEA authorization requirement. Therefore, Defendants' *Motion to Dismiss for Lack of Jurisdiction* at Docket No. 690 is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of September 2022.

                                                S/RAÚL M. ARIAS-MARXUACH
                                                UNITED STATES DISTRICT JUDGE